**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| PRESQRIBER, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MCKESSON CORPORATION,<br><br>*Defendant*. | Case No. 6:14-cv-453<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MCKESSON CORPORATION'S FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), Defendant McKesson Corporation ("McKesson") hereby files this First Amended Answer and Counterclaims to the Complaint ("Complaint") of Plaintiff Presqriber, LLC ("Presqriber" or "Plaintiff"). McKesson denies each and every allegation in the Complaint unless expressly admitted herein.

**ANSWER**

To the extent the introductory paragraph in Plaintiff's Complaint requires a response, McKesson denies any infringement allegations set forth in the Complaint Responding to the individually enumerated paragraphs of the Complaint, McKesson states as follows:

**PARTIES AND JURISDICTION**

1. McKesson admits that this action purports to be an action for patent infringement arising under the patent laws of the United States, seeking injunctive relief as well as damages, but McKesson denies the legal sufficiency and merit of Presqriber's claims and allegations in support thereof.

2. McKesson admits that this action purports to be an action for patent infringement arising under the patent laws of the United States. McKesson does not contest that this Court, as

a general matter, has subject matter jurisdiction over patent actions pursuant to 28 U.S.C. §1331 and §1338(a) (Patents), however, McKesson is without knowledge or information sufficient to form a belief as to the allegations of subject matter jurisdiction in this specific action, and therefore denies the same. McKesson denies any remaining allegations contained in Paragraph 2 of the Complaint.

3. McKesson is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4. McKesson admits that McKesson Corporation is a Delaware corporation and has a principal office located at One Post Street, San Francisco, CA 94104. McKesson admits that it conducts some limited business in the State of Texas, and that its agent for service of process in Texas is Prentice Hall Corporation System, 211 E. 7th Street, Suite 260, Austin TX 78701. McKesson denies it has committed any act of infringement of the ’095 Patent in the state of Texas. McKesson denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. McKesson admits that it has customers in the Eastern District of Texas. McKesson denies any remaining allegations contained in Paragraph 5 of the Complaint.

**VENUE**

6. McKesson admits that venue is not improper in this judicial district as a function of 28 U.S.C. §§ 1391(c) and 1400(b) for purposes of this action only, but denies that the venue should remain in the Eastern District of Texas as it is inconvenient and not in the interests of justice to maintain it here. McKesson denies it has committed any act of infringement of U.S. Patent No. 5,758,095 (“the ’095 Patent”) in this district. McKesson denies any remaining allegations contained in Paragraph 6 of the Complaint.

**COUNT 1**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 5,758,095)**

7. McKesson refers to and incorporates herein its responses in Paragraphs 1-6 above.

8. McKesson admits that this action purports to be an action for patent infringement arising under the patent laws of the United States, but McKesson expressly denies any liability thereunder.

9. McKesson is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. McKesson admits that what appears to be a copy of "the '095 Patent" is attached to the Complaint as Exhibit A.

11. Denied.

12. McKesson is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

**(Direct Infringement)**

13. Denied.

**(Indirect Infringement – Inducement)**

14. Denied.

15. McKesson admits receiving knowledge of the '095 Patent upon receiving the Complaint. McKesson denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Denied.

17. Denied.

18. Denied.

**(Additional Allegations Related to Count One)**

19. Denied.

20. McKesson is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint, and therefore denies the same.

## COUNT 2
## WILLFUL INFRINGEMENT

21. McKesson refers to and incorporates herein its responses in Paragraphs 1-20 above.

22. Denied.

23. Denied.

24. Denied.

## DEMAND FOR JURY TRIAL

Presqriber's request for a trial by jury does not require a response.

## PRAYER FOR RELIEF

McKesson denies that Presqriber is entitled to the relief requested in Paragraphs A-G of its Prayer for Relief, or to any relief whatsoever.

## MCKESSON'S AFFIRMATIVE DEFENSES

McKesson asserts the following affirmative and other defenses in response to the allegations in the Complaint. McKesson reserves the right to allege additional defenses, including inequitable conduct, as they become known through the course of discovery or otherwise.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

25. McKesson did not, and does not, directly or indirectly infringe, or contribute to or induce the infringement of any valid or enforceable claim of the ’095 Patent, either literally or under the doctrine of equivalents, and has not otherwise committed any act in violation of 35 U.S.C. § 271.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

26. The ’095 Patent is invalid because it fails to comply with one or more of the statutory requirements of patentability specified by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Exceptional Case Not Warranted)**

27. Presqriber cannot prove that this is an exceptional case justifying the award of attorney fees against McKesson pursuant to 35 U.S.C. § 285.

**FOURTH AFFIRMATIVE DEFENSE**
**(Injunctive Relief Not Warranted)**

28. Presqriber is not entitled to injunctive relief because any alleged injury to Presqriber is not immediate or irreparable and Presqriber has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

29. Presqriber’s claims for patent infringement are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the ’095 Patent.

**SIXTH AFFIRMATIVE DEFENSE**
**(Limited Damages and Costs Pursuant to 35 U.S.C. §§ 286, 287, and 288)**

30. Presqriber's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287. Presqriber is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

31. The Amended Complaint fails to state one or more claims upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Laches, Estoppel, Waiver, and/or Acquiescence)**

32. The Complaint is limited by the doctrine of laches, estoppel, waiver, and/or acquiescence.

**NINTH AFFIRMATIVE DEFENSE**
**(Willfulness)**

33. McKesson is not willfully infringing and has not willfully infringed any valid and enforceable claim of the '095 Patent.

**TENTH AFFIRMATIVE DEFENSE**
**(Lack of Knowledge)**

34. With respect to indirect infringement, McKesson is not liable for the alleged inducing or contributing acts performed before McKesson knew that such actions would cause indirect infringement.

**ADDITIONAL DEFENSES**

35. McKesson reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in

equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## MCKESSON'S COUNTERCLAIMS

1. Defendant and Counterclaim-Plaintiff McKesson pleads the following counterclaims against Plaintiff and Counterclaim-Defendant Presqriber.

## PARTIES

2. McKesson is a Delaware corporation, with its principal place of business located at One Post Street, San Francisco, CA 94104.

3. According to the Complaint, Presqriber, LLC is a Texas limited liability company with its principal place of business located at 719 W. Front Street, Suite 211, Tyler, TX 75702.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns a federal question relating to patents arising under Title 35 of the United States Code, and pursuant to 28 U.S.C §§ 2201 and 2202 because this is a civil action for a declaratory judgment.

5. This Court has personal jurisdiction over Presqriber by virtue of its having submitted to the jurisdiction of this Court by filing the underlying action.

## VENUE

6. Presqriber alleges in its Complaint that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b). McKesson admits that venue is proper for purposes of this action and these counterclaims only, but denies that venue is convenient.

## FIRST COUNTERCLAIM
**(Non-Infringement of U.S. Patent No. 5,758,095)**

7. McKesson incorporates by reference the allegations set forth in Paragraphs 1-6 of its Counterclaims.

8. An actual controversy exists between McKesson and Presqriber concerning alleged infringement of the ’095 Patent by virtue of Presqriber’s allegations of infringement in this action and McKesson’s defenses thereto.

9. McKesson is entitled to a declaratory judgment that McKesson did not and does not directly infringe, indirectly infringe, contribute to or induce the infringement of any valid or enforceable claim of the ’095 patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**SECOND COUNTERCLAIM**
**(Invalidity of U.S. Patent No. 5,758,095)**

10. McKesson incorporates by reference the allegations set forth in Paragraphs 1-6 of its Counterclaims.

11. An actual controversy exists between McKesson and Presqriber concerning the validity of the ’095 Patent by virtue of Presqriber’s allegations in this action and McKesson’s defense of invalidity.

12. McKesson is entitled to a declaratory judgment that the claims of the ’095 Patent are invalid for failing to meet the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**DEMAND FOR JURY TRIAL**

Defendant and Counterclaim-Plaintiff McKesson requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, McKesson prays for an Order and Judgment from this Honorable Court granting the following relief:

A. Dismissal with prejudice of the claims in Presqriber, LLC's Complaint;

B. A judgment in favor of McKesson on all of its Counterclaims;

C. A declaration that McKesson has not and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '095 patent;

D. A declaration that each and every claim of the '095 patent is invalid;

E. A declaration that Presqriber is not entitled to any injunctive relief;

F. A declaration that this case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling McKesson to an award of its reasonable attorney fees, expenses, and costs; and

G. Such other and additional relief as the Court deems just and proper.

Respectfully submitted this 19th day of August 2014.

/s/ *Thad. C. Kodish*
Thad C. Kodish
GA Bar No. 427603
Benjamin Thompson
GA Bar No. 633211
Sara C. Fish
GA Bar No. 873853
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, Georgia 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

tkodish@fr.com
bthompson@fr.com
sfish@fr.com

**ATTORNEYS FOR DEFENDANT MCKESSON CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have electronically filed the foregoing "DEFENDANT MCKESSON CORPORATION'S FIRST AMENDED ANSWER AND COUNTERCLAIMS" with the Clerk of Court using the CM/ECF Systems, which will automatically send email notification of such filing to all attorneys of record.

This 19th day of August 2014.

/s/ *Thad C. Kodish*
Thad C. Kodish